110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward E. PALMER, Plaintiff-Appellant,
v.
HEALTH CARE AND RETIREMENT, INC., Defendant-Appellee.
 No. 96-3378.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1997.
 
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Edward E. Palmer, an Ohio citizen, appeals pro se a district court judgment for the defendant in this employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and the Civil Rights Act of 1991. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive and monetary relief, Palmer filed this action alleging that the defendant had failed to hire him based on his race. Palmer also alleged an age discrimination claim, which he has since abandoned. The record, as developed in the district court, showed that Palmer applied for defendant's Administrator-in-Training program in both 1992 and 1993, and received a form rejection letter on both occasions. After receiving the second letter, Palmer alleged that he telephoned the defendant's offices and spoke with the person in charge of screening applications. Palmer further alleged that he discussed his qualifications and was told to resubmit his application, and that, for the first time, he informed defendant of his race. Two days later, before Palmer had resubmitted his application, defendant mailed him a third, identical rejection letter. It is this latest rejection that Palmer alleges was based on race discrimination. Defendant moved for summary judgment, asserting that Palmer was not qualified for the position and had been rejected due to his sporadic work history and poor written communication skills. The district court granted summary judgment to the defendant, concluding that Palmer was not qualified, and even if he was qualified, he had not shown that the defendant's reason for rejecting his application was a pretext for discrimination. This appeal followed.
 
 
 3
 Upon de novo review, we conclude that there is no genuine issue of material fact, and defendant is entitled to judgment as a matter of law. See Ayoub v. National R.R. Passenger Corp., 76 F.3d 794, 795-96 (6th Cir.1996). Assuming for purposes of this analysis that Palmer established a prima facie case of discrimination, because the defendant articulated a legitimate, nondiscriminatory reason for his rejection. Palmer is required to show that the proffered reason is a pretext for race discrimination. See Kent County Sheriff's Ass'n v. County of Kent, 826 F.2d 1485, 1492 (6th Cir.1987). In order to establish pretext, Palmer is required to do more than impugn the legitimacy of the defendant's proffered justification; he must also establish a discriminatory animus. See Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 804 (6th Cir.1994). Palmer fails on both counts.
 
 
 4
 Palmer attempts to show that defendant's proffered reasons for his rejection are not legitimate by pointing out that defendant also stated that it was not hiring during the relevant time period, which was shown to be false, and that a Master's degree was required, which was shown not to be uniformly applied. However, these were not the reasons relied on by the defendant in its motion for summary judgment. Those reasons, Palmer's work history and poor communication skills, have not seriously been challenged. Moreover, Palmer cannot show that race discrimination played a part in his rejection because he was rejected on two prior occasions before the defendant knew his race. Those rejections could not have been discriminatory because the defendant was not aware of a basis for discrimination. See Kocsis v. Multi-Care Management, Inc., 97 F.3d 876, 884 (6th Cir.1996); Wrenn v. Gould, 808 F.2d 493, 503 (6th Cir.1987). Therefore, because defendant did not change its decision after learning of Palmer's race, discrimination apparently played no part in defendant's action.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.