**Edward E. PALMER, Plaintiff–Appellant,**

v.

**MANOR CARE, INC., Defendant–Appellee.**

**No. 00–4243.**

United States Court of Appeals, Sixth Circuit.

June 7, 2001.

Before GUY, BOGGS, and GILMAN, Circuit Judges.

## ORDER

Edward E. Palmer, an Ohio citizen proceeding pro se, appeals a district court judgment for the defendant in this employment and age discrimination action filed under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), 42 U.S.C. §§ 1981 and 1983, and the Age Discrimination in Employment Act (29 U.S.C. § 623(a)(1)). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Palmer is African–American and was over 40 years of age at all times relevant to this case. The record, as developed in the district court, shows that Palmer applied for the defendant's Administrator in Training ("AIT") program in both 1992 and 1993, and received a form rejection letter on both occasions. Thereafter, Palmer filed a lawsuit alleging that the defendant had failed to hire him based on his race. Palmer also alleged an age discrimination claim, which was later abandoned. The defendant moved for summary judgment, asserting that Palmer was not qualified for the position and had been rejected due to his sporadic work history and poor writing and communications skills. The district court granted summary judgment to the defendant, concluding that Palmer was not qualified, and even if he was qualified, he had not shown that the defendant's reason for rejecting his application was a pretext for discrimination. That ruling was affirmed by the Sixth Circuit. *See Palmer v. Health Care & Retirement, Inc.*, No. 96–3378, 1997 WL 135451, (6th Cir. Mar. 24, 1997).

On June 21, 1998, Palmer again applied for an AIT position with the defendant. By letter dated August 12, 1998, the defendant rejected Palmer's application, both for the reasons it had rejected his previous applications, and on the basis of its belief that Palmer's submissions of the applica-

tion was merely to provide a basis for filing another lawsuit.

Palmer then filed the instant lawsuit challenging the defendant's August 12, 1998 rejection of his job application. Palmer alleges that the defendant discriminated against him on the basis of race and age, and retaliated against him for filing his previous suit in violation of both Title VII and the First Amendment. The defendant filed a motion to dismiss all of Palmer's claims arguing that Palmer is collaterally estopped from raising his discrimination claims on the basis of the previous factual determination that Palmer was not qualified for the AIT position. The matter was referred to a magistrate judge who issued a report recommending that the defendant's motion to dismiss be granted. The district court adopted the magistrate judge's report and recommendation over Palmer's objections. This timely appeal followed.

■ Initially, we note that Palmer did not specifically object to the recommended disposition of his § 1983 claim when he filed objections to the magistrate judge's report and recommendation. This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Willis v. Sullivan,* 931 F.2d 390, 400–01 (6th Cir.1991). Where a magistrate judge prepares a report and recommendation, only those issues to which specific objections are filed are reviewable upon adoption of the report. *See Smith v. Detroit Fed'n of Teachers, Local 231,* 829 F.2d 1370, 1373 (6th Cir.1987). Although this rule may be relaxed in the interests of justice, *see Kent v. Johnson,* 821 F.2d 1220, 1222–23 (6th Cir.1987), Palmer has

not presented any reason for doing so in this case. Accordingly, Palmer has waived appellate review of the disposition of his § 1983 claim.

This court reviews de novo a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, *see Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995), and a district court's application of collateral estoppel. *See United States v. Sandoz Pharm. Corp.,* 894 F.2d 825, 826 (6th Cir.1990). Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation. *See Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace & Agric. Implement Workers,* 97 F.3d 155, 161–62 (6th Cir.1996).

■ Upon review, we conclude that the district court properly relied on collateral estoppel to grant the defendant's motion to dismiss. Palmer made no showing that the factual circumstances underlying the trial court's prior determination have changed. Therefore, he is foreclosed from relitigating the issue of whether he can establish a prima facie case of race discrimination under Title VII or § 1981, or age discrimination under ADEA. In the absence of a showing of changed circumstances, a prior determination of a party's status forecloses relitigation of that status. *See* Restatement (Second) of Judgments § 27 cmt. c, illus. 7 (1982).

■ Finally, the district court properly dismissed Palmer's retaliation claim. Palmer fails to establish a prima facie case

of retaliation. *See Harrison v. Metro. Gov't of Nashville & Davidson County, Tenn.,* 80 F.3d 1107, 1118 (6th Cir.1996); *Christopher v. Stouder Mem. Hosp.,* 936 F.2d 870, 877 (6th Cir.1991). Since it was determined in the prior action that Palmer was not qualified for the AIT position, Palmer cannot demonstrate that a causal connection exists between the rejection for employment in the AIT program and the charges and lawsuits filed alleging discrimination. *See Harrison,* 80 F.3d at 1118.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.